# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION
## No. 7:12-CV-12-BO

| | |
|---|---|
| LONNELL EDMUND CONYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 22 & 24]. The underlying dispute involves plaintiff's challenge to defendant's decision denying him disability benefits under the Social Security Act, 42 U.S.C. §§ 301 *et seq.* A hearing on this matter was held in Elizabeth City, North Carolina on December 19, 2012. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Administrative Law Judge is REVERSED.

## BACKGROUND

On October 2, 2007, the plaintiff protectively filed an application for supplemental security income payments (SSI) under Title XVI of the Social Security Act. Plaintiff alleged that he became disabled on April 1, 2006. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff then requested an administrative hearing. The Administrative Law Judge (ALJ) issued a decision denying the plaintiff's claim following the requested hearing. On November 20, 2011, the Appeals Council denied review and the ALJ's decision became the final decision of the Commissioner. Plaintiff now requests review of the Commissioner's final decision by this Court pursuant to 42 U.S.C. § 405(g).

1

## MEDICAL HISTORY

Plaintiff allegedly suffers from HIV, social phobia, depression, and personality disorder. The record contains the statements of several medical providers who have treated Mr. Conyers. His therapist, Gloria Brown, noted on January 3, 2011 that he suffers from major depressive episodes and social phobia. She continued, "Mr. Conyers is not employable and could not sustain gainful employment, and I do not foresee any change in his status." [Tr. 504]. Ms. Brown's report also included her statement that "He had major learning disabilities in school and only completed the eighth grade. He has been unable to obtain his GED. Mr. Conyers continues to have major difficulties being around people and with interpersonal relationships." [Tr. 490].

Victoria Oxendine, a nurse practitioner caring for Mr. Conyers, reported that she agreed with Ms. Brown's assessment of Mr. Conyers. Ms. Oxendine added, "Lonnell has also shared with us in the Clinic his inability to control his temper. I think it would be a challenge for him to maintain an 8 hour 5 day a week job." [Tr. 503].

Joseph LeBlanc, a licensed social worker with Delta Behavioral Health Services, assessed Mr. Conyers before Ms. Brown began treating him. Mr. LeBlanc assigned Mr. Conyers a Global Assessments of Functioning (GAF) score between 41 and 50. [Tr. 230]. A later assessment by Ms. Brown resulted in an estimated GAF score of 40. [Tr. 490].

A consultative physical exam was conducted in November, 2007 by Dr. Dale Caughey. Dr. Caughey concluded that Mr. Conyers was functionally illiterate and suffered from "pathological depression" not responsive to a double dose of Zoloft [Tr. 392].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative

2

record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. The analysis requires the ALJ to consider the following five factors sequentially: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment or combination of impairments that are severe; (3) whether the claimant's medical impairment meets or exceeds the requirements of a disability listed in the social security regulations; (4) whether the claimant can perform past relevant work; (5) if he cannot perform past relevant work, whether the claimant can perform other work. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ erred by concluding at step three that the claimant was not suffering from an impairment meeting the requirements of an impairment listed in the social security regulations. The listings considered by the ALJ are found at 12.04 (affective disorders), 12.06 (anxiety-related disorders), and 12.08 (personality disorders). Each listing requires that the claimant meet the criteria listed in paragraphs A (behavioral patterns) and B (restrictions of daily living). The ALJ did not dispute that the claimant had exhibited the behavioral patterns set forth in paragraph A of each of the three listings. However, the ALJ found that the claimant had not

3

shown the restrictions of daily living set forth in paragraph B of each of the three listings. Although paragraph A sets forth different behavioral patterns for each listing, paragraph B is identical for each of the three listings and states:

B. [Behavioral patterns] [r]esulting in at least two of the following:
1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration

As noted by ALJ Dorman, marked means a restriction that is more than moderate, but less than extreme. [Tr. 20]. Here, the statements of Mr. Conyers' medical providers substantiate a finding that he has marked difficulties in maintaining social functioning and marked difficulties in maintaining concentration, persistence, or pace.

While the administration is not bound by every opinion of a treating source, a well-supported opinion of a treating provider that is not contradicted by other substantial evidence in the record must be given controlling weight. *See* SSR 96-2p. Here, the ALJ's basis for not according the opinions of the claimant's medical providers controlling weight in his listing analysis is not sufficiently explained. The GAF score offered by Ms. Brown is consistent with the estimated range noted by Mr. LeBlanc. Such a low score indicates that the claimant would have difficulty functioning in almost any capacity. Direct evidence of this difficulty is apparent in Ms. Brown's assessment that the claimant had severe learning disabilities, had been unable to maintain the concentration or persistence needed to obtain a GED, and had outbursts of temper.

Evidence that the claimant had marked difficulty maintaining social relationships is also evident in Ms. Brown's evaluation of the claimant and is corroborated by testimony offered by Stephon Newkirk, a friend of the claimant's. As summarized by the ALJ, Ms. Newkirk testified:

. . . that she had known the claimant for about six years. She stated that the claimant becomes frustrated when he is asked to do things. She related that he

4

gets 'road rage' if asked to go pay bills. Ms. Newkirk reported that the claimant is unable to deal with things when they go wrong. She stated that when there is conflict, the claimant will stay away from other people and isolate himself. . . She related that the claimant cannot even handle small social events, noting that he stopped doing social things in 2008 and is now more distant. [Tr. 22].

The ALJ's highlighting of evidence that the claimant engaged in social activities leading up to 2008 and in early 2008 does not contradict the testimony of Ms. Newkirk. [Tr. 22]. Ms. Newkirk's assessment is also supported by Dr. Newman's report. Although Dr. Newman, after limited interaction with the claimant and no access to prior medical records, identified only moderate restrictions, his report is telling. Dr. Newman noted that the claimant sometimes has thoughts of hurting others and "reports recurrent suicidal gestures particularly when stressed, difficulty controlling anger resulting in interpersonal problems, and stress related paranoia." [Tr. 400]. This evidence supports, and does not contradict, Ms. Brown's statements that the claimant had severe difficulty with interpersonal relationships. Because the testimony of the claimant's treating sources is not contradicted by the weight of the record, those opinions are entitled to controlling weight.

Looking at the record as whole, and properly granting controlling weight to the claimant's treating sources, the substantial evidence does not support the ALJ's finding that the claimant's mental impairments do not cause at least two of the marked restrictions listed in paragraph B. The evidence supports a finding that the claimant at least suffers from marked restrictions in his ability to concentrate and persist, and his ability to maintain social functioning.

Plaintiff met his burden at step three in showing that his condition met listings 12.04, 12.06, 12.08(A) and (B), and is therefore disabled. Because the ALJ did not correctly apply the regulations, the decision was not supported by substantial evidence. Therefore, the ALJ's decision at step three is reversed.

5

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Accordingly, this case is REMANDED for an award of benefits.


SO ORDERED.

This __4__ day of February, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE